UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GOVERNMENT ACCOUNTABILITY & OVERSIGHT
30 North Gould Street
Suite 12848
Sheridan, WY 82801,

Plaintiff,

v.

UNITED STATES CENTERS FOR MEDICARE & MEDICAID SERVICES
7500 Security Boulevard
Baltimore, MD 21244

and

UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES
200 Independence Avenue, S.W.
Washington, D.C. 20201

Defendants,

Civil Action No. 26-3388

**COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT**

Plaintiff Government Accountability & Oversight ("GAO") brings this action against the Centers for Medicare & Medicaid Services ("CMS") and the United States Department of Health and Human Services ("HHS"). GAO alleges as follows:

1. This action arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. GAO seeks statutory relief in the form of an order requiring Defendants to process and produce agency records responsive to three FOIA requests.

2. Defendants failed to make a timely determination on any of the three

requests. They have not produced any responsive records.

## PARTIES

3. GAO is a nonprofit research, public-policy, and public-interest litigation organization formed under Wyoming law. GAO studies government regulation and transparency. It obtains government records and disseminates them through reports, publications, and other media.

4. CMS is an operating division of HHS and an agency within FOIA's meaning. § 552(f)(1). CMS possesses and controls records responsive to GAO's requests.

5. HHS is a federal agency within FOIA's meaning. § 552(f)(1). CMS and the Advanced Research Projects Agency for Health ("ARPA-H") both operate as divisions of HHS, which is headquartered in the District of Columbia. HHS possesses and controls records responsive to GAO's ARPA-H request, and GAO seeks relief against HHS for both ARPA-H's and CMS's acts and omissions.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under § 552(a)(4)(B) and 28 U.S.C. § 1331.

7. Venue is proper because FOIA permits suit in the District of Columbia. § 552(a)(4)(B).

8. GAO constructively exhausted its administrative remedies, or alternatively is excused from any requirement to pursue or exhaust such remedies, because Defendants did not make timely determinations on any of its three FOIA requests. § 552(a)(6)(C)(i).

**GAO'S FOIA REQUESTS**

9. On August 7, 2026, GAO submitted a request directly to HHS's ARPA-H division through FOIA.gov. The request sought copies of email correspondence, over an eight-month period, involving one or more of three named custodians, that was also sent to or from one or more of three named parties and that included one of two specified keywords. The request explained that it relates to a major HHS expenditure on the same subject matter as a coordinated project on the same subject announced jointly by HHS Secretary Kennedy and Netflix.

10. HHS, through its ARPA-H division, acknowledged the request on August 14, 2026, and assigned it Tracking No. 2026-047.

11. On August 18, 2026, GAO submitted a request to CMS through FOIA.gov. It sought email correspondence of three named custodians, John Giles, Jeremy Silanskis, or Laura Snyder. Responsive emails had to contain at least one of three search terms and include a correspondent using either Indiana's Family and Social Services Administration email domain (@fssa.in.gov) or California's Department of Health Care Services email domain (@dhcs.ca.gov).

12. CMS acknowledged the request on August 24, 2026, and assigned Control No. 081820267059.

13. On August 27, 2026, GAO submitted another request to CMS through FOIA.gov. It sought email correspondence of five named custodians (Dan Brillman, Vishal Arora, Tyson Christensen, Caprice Knapp, and Steph Carlton) over a five-month period. Responsive emails had to contain some combination of one or more of three search terms, and also one or more of five other search terms.

14. CMS acknowledged the request on September 1, 2026, and assigned

Control No. 082720267038.

15. On September 25, 2026, Defendant CMS wrote to say, in pertinent part, the "request is still being processed and is currently pending review of the responsive documents that have been located. These documents must be carefully reviewed before any records can be released, and we will provide you with a response as soon as that review is complete." Defendant did not state, *e.g.*, the number of potentially responsive records or exemptions it might invoke.

16. That same day, Plaintiff responded, "Given this state of play, will the agency inform us of the number of potentially responsive records it has located and are being reviewed?" On September 28, 2026, Defendant responded, in pertinent part, "There are 4,802 pages to review."

17. Defendants have not provided all of the information required under *CREW*.

18. Defendants' determinations were due no later than September 4, 2026, September 16, 2026, and September 25, 2026, respectively. § 552(a)(6)(A)(i).

19. Defendants have not made a determination on any of the three requests.

20. FOIA required Defendants to determine within 20 working days whether they would comply with each request and to state the reasons for their determination. § 552(a)(6)(A)(i).

21. A timely determination must do more than acknowledge a request and promise future compliance. The agency must gather and review the documents. It must state the scope of the records it will produce or withhold, explain any withholding, and notify the requester of any appeal rights. *Citizens for Responsibility & Ethics in Washington v. Federal Election Commission*, 711 F.3d

180, 188 (D.C. Cir. 2013).

22. FOIA permits an agency to toll the 20-day period only to seek reasonably necessary information from the requester or to clarify fee issues. § 552(a)(6)(A)(I)–(II). Tolling ends when the agency receives the requester's response. § 552(a)(6)(A).

23. Defendants did not invoke either tolling provision for any of the three requests.

24. Defendants did not make the determinations FOIA requires. *Citizens for Responsibility & Ethics*, 711 F.3d at 188.

25. Defendants have not identified the records they will produce or withhold in response to any of the three requests. They have not explained any withholding. They have not notified GAO of any right to appeal.

26. Defendants failed to make timely determinations on GAO's three requests. GAO has therefore constructively exhausted its administrative remedies. § 552(a)(6)(C)(i).

## COUNT I
## FAILURE TO COMPLY WITH THE FREEDOM OF INFORMATION ACT

27. GAO incorporates the preceding allegations.

28. GAO submitted three proper FOIA requests, but Defendants have neither made determinations nor produced responsive records.

29. GAO has a statutory right to all nonexempt agency records responsive to its requests. Defendants have improperly withheld those records.

30. GAO has constructively exhausted its administrative remedies, or

alternatively is excused from any requirement to pursue such remedies. .

**PRAYER FOR RELIEF**

GAO respectfully requests that the Court:

A. Retain jurisdiction until Defendants comply with FOIA and the Court's orders;

B. Declare that Defendants violated FOIA by failing to make timely determinations on GAO's three requests and by withholding responsive agency records;

C. Declare that Defendants must disclose all nonexempt agency records responsive to the three requests;

D. Order Defendants to search for and promptly produce those records by dates certain;

E. Award GAO its reasonable attorney fees and other litigation costs under § 552(a)(4)(E); and

F. Grant any other just and proper relief.

Dated: September 28, 2026

GOVERNMENT ACCOUNTABILITY & OVERSIGHT
By Counsel:

/s/ Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
101 Rainbow Drive #11506
Livingston, TX 77399
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com